Davis, J.,
delivered the opinion of the court:
This being a claim for stores and supplies, transmitted to this court by a committee of the House of Eepresentatives, the preliminary inquiry required by the statute (22 Stat. L., p. 485, sec. 4) has been had upon the subject of the loyalty of the person from whom the stores or supplies are alleged to have been taken. In this inquiry it appeared that the same claim was presented to the Quartermaster-General, in accordance with the provisions of the Act of July 4, 1864, and that the agent of that officer ■charged with the investigation of the claim reported as follows as to Watson’s loyalty:
“ I made extensive inquiry in the neighborhood where Samuel Watson, deceased, resided during the war, and am convinced from the information I received and the testimony of Mr. Smith, a reliable witness, that decedent and his son, J. S. Watson, were loyal to the United States during the war, and that decedent’s children by his first wife were disloyal.”
Upon the merits the agent reported adversely to the claimant, and the Quartermaster-General finally disallowed the claim upon the ground that he was “ unable to certify that he was couvinced that the stores were actually received or taken for the use of and used by the United States Army.”
Since this decision no testimony has been taken in the case, and the plaintiff relies upon the fact that the Quartermaster-General did not disallow the claim upon the ground of disloyalty, as well as upon the report of the agent of the Quartermaster-General, and upon the affidavit of Smith.
In Calhoun v. The United States (24 C. Cls. R., 414), a claim sent here by a committee of Congress had been investigated by the Quartermaster-General and an adverse report upon the merits had been made by him to the Congress. No additional evidence had been taken, and the plaintiff came before us with the same record upon which the Quartermaster-General had ruled. We held as follows:
*118 “ It is manifest that the claimant has not sought to have the claim investigated since it was transmitted, nor the facts-ascertained by means of such an investigation. The effort now is practically to turn the court into an appellate tribunal to which appeals will lie from the adverse decisions of the Quartermaster-General or Southern Claims Commission.”
The court then ruled adversely to that contention and dismissed the claim.
In Calhoun’s case there had been a ruling in terms by the Quartermaster-General adverse to the claimant. In this case there has been no ruling in terms upon the question of loyalty and any decision by the Quartermaster-General upon that subject can only be matter of inference. In this court, when proceeding to the examination of claims for stores and supplies in accordance with the act of March 3,1883, there must be a preliminary inquiry as to plaintiff’s loyalty and a favorable finding thereon prior to any investigation of the merits; therefore, if it be shown that any claimant has in these cases received a favorable finding on the merits, the inference is necessary that prior thereto he had received a favorable finding upon loyalty.
Such was not the case in the Quartermaster-General’s Office; the investigation of loyalty was not there necessarily antecedent to the examination of the merits, but might be concurrent with it. The Quartermaster-General was to find three facts,, stated in this order in the statute. Efe was to be convinced that the claim was just, he was to be convinced of the loyalty' of the claimant, he was to be convinced that the stores were actually received or taken for the use of and used by the Army (13 Stat. L., p. 381). An adverse decision upon any one of these points was fatal to claimant; if the Quartermaster-General ruled adversely upon one it became unnecessary for him to examine the others.
It can not be inferred, as it would be here in a similar case, that because the officer considered the facts and decided against the claim upon the merits, he had, as a condition precedent to an examination of the facts, found the claimant loyal. On the contrary, it simply appears that the Quartermaster-General did not decide this question oi loyalty either way.
It is the duty of the plaintiff to establish his loyalty affirmatively by competent evidence, of'suffieient weight to overcome the presumption of disloyalty arising from his residence and *119 environment. This would be so in any event without statutory provision, but in addition there is an express direction to the same effect found in section 3074 of the Revised Statutes, which provides:
“ Seo. 1074. Whenever it is.material in any claim to ascertain whether any person did or did not give any aid or comfort to the late rebellion, the claimant asserting the' loyalty of any such person to the United States during such rebellion shall be required to prove affirmatively that such person did, dur.ng said rebellion, consistently adhere to the United States, and did give no aid or comfort to persons engaged in said rebellion ; and the voluntary residence of any such person in any place where, at any time during such residence, the rebel force or organization held sway, shall be prima-facie evidence that such person did give aid and comfort to said rebellion and to the persons engaged therein.”
This statute requires consistent adherence to the United States, and the Bowman Act requires loyalty “ throughout the war;” that is, the plaintiff must never at any time during the entire war have failed in his allegiance to the United States. Under these statutes it is not sufficient that plaintiff was at the beginning or at the end of the war favorably disposed towards the United States. The loyalty and adherence must have been continuous throughout the war, without any interruption at any time, and any one act giving “aid or comfort to persons engaged in said rebellion” will negative a contention in favor of plaintiff’s loyalty “throughout the war.”
This statute (sec. 1074) was passed long before the so-called Bowman Act, under which the case at bar was transmitted here, but if is none the less controlling as declaratory of the law and as giving the interpretation of the word “ loyalty ” when that word is found in subsequent acts of Congress.
The plaintiff here has failed by competent and sufficient proof to establish that the person alleged to have furnished the supplies or stores in question, or from whom they are alleged to have been taken, was loyal to the Government of the United States throughout the -late war, and the case is dismissed for ■want of further jurisdiction.